**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| JOSE M. FIGUEROA, | Civil No. 05-3544 (RBK) |
| Petitioner, |  |
| v. |  |
|  | **OPINION** |
| JONATHAN C. MINER, WARDEN, |  |
| Respondent. |  |

**APPEARANCES:**

> JOSE M. FIGUEROA, Petitioner pro se
> #24107-018
> FCI Fairton
> P.O. Box 420
> Fairton, New Jersey 08320

**KUGLER, District Judge**

This matter is before the Court on the petition of Jose M. Figueroa ("Figueroa") for habeas corpus relief under 28 U.S.C. § 2241,[1] challenging the conviction and sentence pursuant to which Figueroa is confined.  Figueroa's projected final release date is

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

May 9, 2009.  Because this Court lacks jurisdiction to consider this petition, and it is not in the interest of justice to transfer the petition, this Court will dismiss the petition, without prejudice, for lack of jurisdiction.

## I.   BACKGROUND

The following background facts are taken from the petition and attachments, and are accepted as true for purposes of this Opinion and accompanying Order.

In 2000, Figueroa pleaded guilty in the U.S. District Court for the Middle District of Florida (Orlando) to conspiracy and possession of cocaine and heroin hydrochloride with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  On October 20, 2000, Figueroa was sentenced to a term of 125 months of imprisonment, pursuant to which he remains confined.  He also was sentenced to four years supervised release.  (Petition, ¶¶ 3-6).

Figueroa states that he did not file a direct appeal from his conviction or sentence.  However, he did file a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, based on ineffective assistance of counsel, misapplication of sentencing guidelines, and improper enhancement for alleged possession of a firearm.  He claims that he never received a ruling from the sentencing court with respect to his § 2255 motion.  (Pet., ¶ 12a).

Figueroa also alleges that he filed another § 2255 motion with the Middle District of Florida (Orlando), which was dismissed with prejudice on May 15, 2005. This motion included claims asserting ineffective assistance of counsel and improper enhancement based on prior convictions. (Pet., ¶ 12b). Figueroa does not indicate whether he appealed to the Circuit Court of Appeals with respect to either of his § 2255 motions.

On or about July 14, 2005, Figueroa submitted this § 2241 habeas petition, challenging his conviction and sentence on the following grounds: (1) illegal plea agreement containing a higher offense level than charged; (2) sentence is illegal because the court imposed an enhanced sentence with community service that was not stipulated in the plea agreement; (3) ineffective assistance of counsel in rushing into plea agreement without investigation; and (4) the guilty plea was not knowingly and intelligently made.

## II.   ANALYSIS

A.   Sua Sponte Dismissal

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified." See 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable to § 2241 petitions through Habeas Rule 1(b).

A court presented with a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there." 28 U.S.C. § 2243. Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025.

B.   Petitioner's claims

Figueroa brings this action under 28 U.S.C. § 2241 instead of § 2255, most likely because his prior § 2255 motions were unsuccessful. It is plain from reading the petition, however, that Figueroa is challenging his conviction and sentence.

As noted by the Court of Appeals for the Third Circuit, in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), a § 2255 motion, filed in the district of conviction, has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement. See also Okereke v. United States, 307 F.3d 117, 120 (3d Cir.), cert. denied, 537 U.S. 1038 (2002); United States v. Walker, 980 F.Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is

executed should be brought under § 2241, in the district of confinement).

Section 2255 contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [petitioner's] detention." In <u>Dorsainvil</u>, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251. The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent limitations or gatekeeping requirements of § 2255. <u>Id.</u> To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in <u>Dorsainvil</u> because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all. <u>Id.</u> at 251-52.

More recently, the Court of Appeals for the Third Circuit emphasized the narrowness of its <u>Dorsainvil</u> holding when it

5

rejected a district court's conclusion that § 2255 was "inadequate or ineffective" to address a claim based on <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000), an intervening decision which held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  <u>See</u> <u>Okereke</u>, 307 F.3d at 120-21 (in which the petitioner had been sentenced based upon a drug quantity determined at sentencing by a judge using the preponderance of evidence standard).  Similarly, § 2255 is not "inadequate or ineffective" to address a claim based upon <u>Booker</u>,[2] which is an extension of <u>Apprendi</u>.  <u>See</u> <u>Smith v. Nash</u>, 145 Fed. Appx. 727, 2005 WL 1965500 (3d Cir. Aug. 17, 2005) (unpubl.), <u>cert</u>. <u>denied</u>, 126 S.Ct. (U.S. Oct. 31, 2005).  In addition, the mere fact that a claim is time barred does not render § 2255 an inadequate or ineffective remedy.  <u>See</u> <u>Cradle v. United States</u>, 290 F.3d 536, 539 (3d Cir. 2002).[3]

---

[2] <u>United States v. Booker</u>, 543 U.S. 220 (2005).

[3] Motions under § 2255 must be made within one year of "(1) the date on which the judgment of conviction becomes final; ... [or] (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

Here, Figueroa admits that he has filed at least two § 2255 motions. Furthermore, he fails to articulate any justification or exceptional circumstances to show that relief under § 2255 is inadequate or otherwise ineffective. He cites no intervening change in substantive law that affects his conviction, nor does he demonstrate that he had no earlier opportunity to challenge his conviction by plea agreement on the grounds as alleged in this petition. Thus, Figueroa's inability to meet the gatekeeping requirements of § 2255 does not render it an inadequate or ineffective remedy with respect to the claims asserted in this petition. Accordingly, the petition must be construed as a prohibited second or successive motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255,[4] over which this Court lacks jurisdiction. A second or successive

---

[4] Although this Court is reclassifying the petition as a § 2255 motion, no Miller notice and order is necessary to afford Petitioner an opportunity to raise additional § 2255 grounds. The purpose of the Third Circuit's decision in United States v. Miller, 197 F.3d 644 (3d Cir. 1999), was to provide fair warning to petitioners whose petitions were being recharacterized as § 2255 motions so that they could ensure that all their claims were fully raised in a single all-encompassing § 2255 petition. Such warning, the Miller court reasoned, is necessary because petitioners will thereafter be unable to file "second or successive" § 2255 petitions without certification by the Court of Appeals. Because Figueroa has already pursued an unsuccessful first § 2255 motion, no purpose would be served by a Miller notice.

§ 2255 motion must be certified for filing by the appropriate Circuit Court of Appeals, in this instance the Eleventh Circuit. See § 2255 ¶ 8.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.  As stated above, a second or successive § 2255 motion may be brought in the district of conviction only if the applicable Court of Appeals has authorized such filing.  28 U.S.C. § 2244.  Since Figueroa already has filed at least one or more § 2255 motions, the Eleventh Circuit alone has the power to decide whether petitioner's arguments have sufficient merit to justify relaxing the single petition rule.

While under some circumstances a transfer to the Eleventh Circuit Court of Appeals for evaluation as a successive § 2255 motion would be warranted, the Court finds that a transfer in this instance would be futile.  In this case, Figueroa fails to present any circumstances that would entitle him in the interest of justice to a transfer to the Eleventh Circuit.  Guenther v. Holt, 173 F.3d 1328, 1331 (11th Cir. 1999), cert. denied 528 U.S. 1085 (2000).  The claims raised by Figueroa in this action were known to him at the time of his sentencing and were, in fact, raised in his earlier § 2255 motions.  Therefore, rather than

8

transfer this case to the Eleventh Circuit, the Court finds that this petition is a prohibited successive motion under § 2255 and, accordingly, will dismiss this petition without prejudice for want of jurisdiction.  This dismissal is without prejudice to the petitioner filing an application with the Eleventh Circuit Court of Appeals for authorization to file a second or successive § 2255 motion.

### III.   CONCLUSION

For the reasons set forth above, the petition will be dismissed without prejudice for lack of jurisdiction.  An appropriate order follows.

S/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

Dated: January 25, 2006